UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No.: 8:24-mj-1028-AAS

ALEXANDER LIGHTNER
_____/

### ORDER OF DETENTION PENDING TRIAL

THIS MATTER is before the court on the Government's motion to detain Defendant pursuant to 18 U.S.C. § 3142(f)(1)(E). In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a bail hearing has been held. This court concludes that the following facts require the detention of Defendant, Alexander Lightner, pending further order of the court.

Defendant is charged in a Complaint with transmitting a threat to injure in interstate or foreign commerce, in violation of 18 U.S.C. § 875(c) and possession of an unregistered firearm silencer, in violation of 26 U.S.C. § 5861(d). The Government seeks detention on grounds that Defendant is a risk of flight and danger to the community. Upon consideration, for the reasons stated on the record at the hearing and based on the factors under 18 U.S.C. § 3142(g), to specifically include the nature and circumstances of the case, the weight of the evidence against Defendant, and the history and characteristics of Defendant, the court finds that Defendant should be detained pending the final outcome of this case. Specifically, the evidence against Defendant in this case is strong and involves serious, violent

conduct. Defendant allegedly admitted to law enforcement that he posted threats concerning his plan to conduct a racially or ethnically motived mass casualty event. In the posts, according to the Government, Defendant allegedly used language associated with "white supremacist[s]" and paraphernalia concerning the ideology was located in Defendant's bedroom. The Government also executed a search warrant at Defendant's home and located multiple firearms and ammunition in Defendant's bedroom. The Government maintains that the ammunition includes the .308 black tip ammunition which Defendant allegedly referred to in his internet post. The Government also located a silencer in Defendant's bedroom which he allegedly admitted making. Additionally, Defendant's background and history weighs towards detention. Defendant tested positive for the use of cocaine upon arrest, has prior convictions for reckless driving with damage and causing damage to property, and previously violated conditions of probation. Given the foregoing, the court finds that there are no conditions or combination of conditions available that would help assure the safety of the public and Defendant's future appearance in court. The Government has met its burden of establishing by clear and convincing evidence that no conditions are available to reasonably assure the safety of the community. *See United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988). The Government has also met its burden of establishing by a preponderance of the evidence that no conditions are available to ensure Defendant's future appearance at trial. *See King*, 849 F.2d at 489. Therefore, it is hereby **ORDERED** that Defendant be **DETAINED**.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**ORDERED** in Tampa, Florida, on January 9, 2024.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
United States Pretrial Services
United States Marshals Service